UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JENNIFER BOTIMER**,

       Plaintiff,                        Case No. 19-cv-12224
                                                Hon. Matthew F. Leitman

vs.

**HOLIDAY FOOD CENTER, INC.**,
a Michigan corporation,

       Defendant.

___

**STIPULATED PROTECTIVE ORDER
GOVERNING CONFIDENTIAL INFORMATION**

This matter having come before the Court upon the stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised,

**IT IS HEREBY ORDERED** that the terms and conditions of this Protective Order shall govern the disclosure, release, duplication, filing, storage and handling of all information deemed "Confidential Information" as set forth below.

1.   **PURPOSE.** The parties recognize that certain materials obtained in response to discovery requests in this case may contain confidential and/or proprietary information relative to the parties. The parties agree that it is in their best interest to create a means by which to protect that confidential and/or proprietary information and have agreed to the entry of this Stipulated Protective Order Governing Confidential Information for that purpose.

2. Documents produced by the parties, or subpoenaed from any third party, may, in good faith, either be marked "Confidential," or designated "Confidential" in a separate writing. Documents containing the following information may be designated "Confidential:"

   a) Proprietary, personal or sensitive information, including, but not limited to, discipline or other non-public information regarding current and former employees or applicants for employment, current and former clients or customers of Defendant, and/or any non-public information relating to Defendant or its related entities, including the information contained in, or derived from, the contents of such confidential documents; or

   b) Information in which any party, including Plaintiff, Defendant, or a third party has a unique proprietary or privacy interest, including but not limited to Protected Health Information as defined by HIPAA, medical records or information, health insurance records or information, social security information, information regarding Defendant's current and former customers or clients, financial information, or other personal information.

   If there is a dispute as to the confidential nature of any document, the Court will have the ultimate determination of whether information is actually entitled to the designation "Confidential," and nothing in this Order shall be

      deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality.

3. All such "Confidential" documents or information produced by the parties pursuant to discovery requests, or requests for admissions, at depositions, or by subpoena from third-parties, shall be kept in the custody and care of the non-producing counsel of record in this action, and shall be disclosed and used solely for the prosecution or defense of this action and for no other purpose.

4. No party shall disclose confidential material to any person except as provided in this stipulated order. Confidential material may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation:

    a) The parties;

    b) Counsel, whether or not employees of any party, representing any party in this litigation and their employees;

    c) Any person retained by counsel described above to assist in the preparation and trial of this litigations, including experts and paralegals;

    d) Any director, officer or employee of any party who is either required by such party or requested by counsel to work directly on this litigation, provided, however, that confidential material shall be disclosed to the individual only to the extent necessary to perform such work;

    e) Any person of whom testimony is taken or may be taken in this action provided either by deposition, affidavit, or testimony in court, however, that confidential material can be disclosed to such persons only in preparation for, review of, or in the course of his or her testimony and that such person not retain confidential material after his or her testimony is concluded;

    f) The author and addresses of the documents;

    g) Court reporters;

    h) The court and any persons employed by it working on this litigation;

    i) Facilitators, mediators or members of court-ordered case evaluation panels and their staff; and

    j) At trial, to the extent admissible.

5. Individuals who, pursuant to Paragraph 4 above, and by virtue of their participation in the conduct of this case, have knowledge of information and/or documents produced pursuant to this Protective Order, shall use such information and/or documents for the purposes of the conduct of this case and for no other purpose. Such individuals shall not disclose information obtained pursuant to these requests and documents, and/or copies of the documents themselves, to any person or persons not directly involved in the conduct of this case.

6. Upon request, all documents subject to this stipulated order and all copies thereof shall be destroyed, after a final resolution of this case, including any appeals. If requested, each party shall provide a writing attesting to the fact that all confidential material subject to this stipulated order have been destroyed.

7. Filing of confidential documents in this proceeding shall be governed by the Federal Court rules and relevant case law.

8. If a party files documents containing confidential material with the Court, prior to filing such documents, the party shall attempt to file the documents under seal pursuant to the requirements of ED Mich. LR 5.3. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion or stipulation that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and, if a party files a motion only, (v) a memorandum of legal authority supporting the seal. See Local Rule 5.3. No party shall file or otherwise tender to the Clerk

any item proposed for sealing unless the Court has entered an order allowing filing under seal.

9. That any party may challenge the designation of any information, testimony or documents as being confidential by notifying the opposing party in writing of the challenge and the factual and legal basis of the challenge. After written notification is provided to the opposing party, the parties shall attempt to resolve the dispute. In the event the parties are unable to resolve the dispute regarding the challenge within ten (10) days after written notification, the information shall be subject to this Order only for an additional period of ten (10) days during which time the party who designated the information confidential may file a motion seeking a resolution of the challenge. Upon filing of a motion, the parties shall treat the information as subject to this Order until the matter is resolved by the Court or otherwise. It shall be the burden of the party designating the information, testimony or documents as "confidential" to demonstrate why, both factually and legally, the confidential designation should be upheld in the event of a challenge. In the event that no motion is filed, as provided for above, the information will no longer be subject to this Order.

10. The inadvertent or unintentional disclosure by a supplying party of any document, statement, information or copy thereof, not designated as

confidential information at the time of disclosure, shall not be deemed a waiver in whole or in part of any claim of confidentiality, either as to the specific document, statement, information or copy thereof disclosed or as to any other document, statement information or copy thereof relating thereto or on the same or related subject matter. If a party has inadvertently produced to the other party information subject to a claim of privilege or immunity, the other party upon request shall promptly return the information for which a claim of inadvertent production is made. No party is required, however, to treat any document, statement, information or copy thereof as confidential information unless or until designated as confidential information by the supplying party pursuant to the terms of this Order. Should any confidential information be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this order, then the disclosing person shall promptly (a) identify the recipient and the circumstances of the unauthorized disclosure to the relevant producing person and (b) use best efforts to bind the recipient to the terms of this Order. No confidential information shall lose its status as confidential information if disclosed to a person not authorized to receive it under this Order.

11. Nothing in this stipulated order shall be construed as a waiver of the right of any party to object to the production of documents or information on the basis

of privilege, relevance, or any other grounds not related to the confidentiality of the documents.

12. Nothing in this stipulated order shall be construed as a waiver by a party of any objections that might be raised as to admissibility at any hearing or trial of any proposed evidentiary materials.

13. Either party may petition the Court, at any time, to modify or amend the contents of this Protective Order.

14. This Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2020

**STIPULATED AND AGREED
AS TO FORM AND SUBSTANCE:**

| | |
|---|---|
| GASIOREK, MORGAN, GRECO, McCAULEY & KOTZIAN, P.C. | DINSMORE & SHOHL LLP |
| BY: */s/ Angela Mannarino* <br> Angela Mannarino (P72374) <br> Attorneys for Plaintiff <br> Gasiorek, Morgan, Greco <br> & McCauley, PC <br> 30500 Northwestern Highway <br> Ste. 425 <br> Farmington Hills, MI 48334 <br> (248) 865-0001 <br> amannarino@gmgmklaw.com | BY: */s/ J.Travis Mihelick (w/consent)* <br> J. Travis Mihelick (P73050) <br> Attorneys for Defendant <br> Dinsmore & Shohl <br> 900 Wilshire Drive, Suite 300 <br> Troy, MI 48084 <br> (248) 203-1655 <br> travis.mihelick@dinsmore.com |